## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY SUPPLY CO., INC.,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO.  16-11349** |
| **CAPITAL ONE FINANCIAL** | **SECTION: "E"(4)** |
| **CORPORATION, ET AL.,** | |
| **Defendants** | |

## ORDER AND REASONS

This matter comes before the Court on the motion to remand filed by the Plaintiff, Roy Supply Co., Inc.[1] The motion is opposed.[2] Roy Supply filed a reply memorandum in further support of its motion to remand. For the reasons that follow, the motion to remand is **GRANTED**, and this action is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## FACTUAL & PROCEDURAL BACKGROUND

This case involves the state-law negligence claims of Roy Supply Co., Inc., against Capital One Financial Corporation; Capital One, North America; and two Capital One employees, Brooke Knuppel and Nadia Sanchez (collectively, "Defendants"). On May 23, 2016, Plaintiff, Roy Supply Co., Inc., filed suit against the Defendants in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3] The case was removed to this Court on the basis of federal diversity jurisdiction on June 22, 2016.

This claim stems from an incident in which a foreign bank draft in the amount of $96,817.00 was deposited into Roy Supply's Capital One bank account.[4] Roy Supply alleges, on October 21, 2015, a foreign bank draft and an instruction letter were sent via

---

[1] R. Doc. 10.
[2] R. Doc. 17.
[3] R. Doc. 1-1.
[4] *See generally* R. Doc. 1-1.

EMS overnight mail by a Roy Supply customer in Canada to "the Branch Manager at the Capital One Bank branch at the Westside Shopping Center in Gretna, Louisiana."[5] Roy Supply alleges "[t]he Capital One branch manager, Brooke Knuppel, received the bank draft and letter, which requested that the branch manager deposit said bank draft into the Capital One checking account of . . . Roy Supply Co., Inc."[6] According to Roy Supply, "Capital One Bank, through its employees, did not contact anyone from Roy Supply to come inspect the draft, did not request anyone from Roy Supply to endorse the draft, did not transmit the letter and draft in any fashion to Roy Supply requesting approval and consent from a duly authorized Roy Supply representative, but deposited the draft directly into the Roy Supply account with no notification whatsoever."[7] Roy Supply alleges it was not until October 22, 2015, that it "discovered through the Capital One online banking website that these funds were in their account and were now 'available' on that date. Further, Roy Supply employees confirmed with Capital One that the funds in the company account were 'available' for use in their business banking account."[8]

According to Roy Supply, on October 22 after learning the funds were deposited in its account, it contacted "the alleged Canadian customer by phone who explained that a mistake was made and the bank draft had overpaid their Roy Supply bill and that the over payment, $79,016.00, needed to be sent by Roy Supply by wire to another vendor." Roy Supply alleges, as a result, that on October 23, 2015, "a Roy Supply representative met in person with Capital One employee, Nadia Sanchez, at the Capital One Bank branch on Manhattan Blvd., in Jefferson Parish, Louisiana, to further confirm that the funds in their

---

[5] R. Doc. 1-1 at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*

account were available to use by Roy Supply."[9] Upon Capital One again confirming the availability of the funds, and at the direction of the Canadian customer, Roy Supply apparently instructed Capital One to execute an international wire transfer of the $79,016.00 overpayment to a bank in Dubai, United Arab Emirates, for the account of another vendor of the Canadian customer.[10]

Roy Supply claims that, on October 27, 2015, it was contacted by a Capital One business banker and "informed that the foreign bank draft of October 21, 2015, that was never seen, examined or approved by any Roy Supply employee, but deposited into the Roy Supply account by the Capital One branch manager, was 'returned to maker' and the previously verified funds of $96,817.00 were never available in the account."[11] According to Roy Supply, it was also informed that "the international wire transfer sent by Roy Supply on October 23, 2015, could not be reversed and Capital One apologized for any misinformation.[12] On October 29, 2015, Capital One sent a letter to [Roy Supply] advising that their account was overdrawn due to the above and Capital One was charging Roy Supply numerous NSF fees for checks written on that account to pay [Roy Supply's] creditors."[13] Roy Supply alleges that, "[a]s a result and proximate cause of the above incident, [it] sustained serious financial loss, including, but not limited to, the loss of the $79,016.00 sent by international wire after Capital One assured [Roy Supply] the funds were in [its] account and available, interest, fees and mental anguish and emotional distress caused by the events set out above." Roy Supply contends its damages were the result of the negligence of the Defendants.[14]

---

[9] *Id.*
[10] *Id.*
[11] *Id.* at 3.
[12] *Id.*
[13] *Id.*
[14] *Id.*

The Defendants removed Roy Supply's claims to this Court on June 22, 2016, citing the Court's jurisdiction over diversity-of-citizenship cases under 28 U.S.C. § 1332.[15] In the Notice of Removal, the Defendants alleged that Roy Supply is a citizen of Louisiana for purposes of diversity jurisdiction.[16] Defendants, Capital One Financial Corp. and Capital One, N.A., are citizens of Virginia for diversity-jurisdiction purposes, but the other two Defendants, Brooke Knuppel and Nadia Sanchez, are citizens of Louisiana.[17] Because Roy Supply is also a citizen of Louisiana, complete diversity of citizenship, on its face, is not present in this case. In the Notice of Removal, however, the Defendants argued Knuppel and Sanchez were improperly joined and, for that reason, should be ignored in assessing the presence of federal diversity jurisdiction.

On July 14, 2016, Roy Supply filed a motion to remand this case to state court. The motion is based on two grounds. First, Roy Supply argues Knuppel and Sanchez were not improperly joined, and the Court should consider their citizenships, because Roy Supply has valid causes of action against both Knuppel and Sanchez under Louisiana law. Second, Roy Supply contends the amount-in-controversy requirement of $75,000.00, exclusive of interest and costs, is not satisfied in this case.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[18] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

---

[15] R. Doc. 1.
[16] R. Doc. 1 at 2; R. Doc. 1-1 at 1.
[17] R. Doc. 1 at 3; R. Doc. 1-1 at 1.
[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[19]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[20] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs[21] "The jurisdictional facts supporting removal are examined as of the time of removal."[22] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[23]

## LAW AND ANALYSIS

Plaintiff's motion advances two arguments in favor of remand. The Court considers each argument, in turn, below.

## I.   Whether Complete Diversity Exists; Improper Joinder

Complete diversity of citizenship requires each plaintiff to be a citizen of a different state from each defendant.[24] "[I]n diversity cases, a single non-diverse party destroys original jurisdiction with respect to all claims in the action."[25] In this case, Roy Supply, a "citizen" of Louisiana, argues complete diversity of citizenship is not present, and federal jurisdiction is destroyed, as two of the Defendants, Brooke Knuppel and Nadia Sanchez,

---

[19] 28 U.S.C. § 1441(a).

[20] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[21] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

[22] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

[23] *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).

[24] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Id.* (quoting *McLaughlin*, 376 F.3d at 353)).

[25] *Lundquist v. J&J Exterminating, Inc.*, No. 07-CV-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005)).

are also Louisiana citizens. In response, the Defendants argue Knuppel and Sanchez were improperly joined to defeat complete diversity.

"An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction."[26] It is the removing party's burden to establish improper joinder, and the burden is a "heavy" one.[27] The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts;" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[28] There is no allegation of actual fraud in this case. "The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[29] "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[30] In *Smallwood v. Illinois Central Railroad Co*., the Fifth Circuit articulated two avenues for determining whether a plaintiff has a reasonable basis for recovery under state law.[31] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[32] "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no

---

[26] *Id.*
[27] *Lundquist*, 2008 WL 1968339, at *2 (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).
[28] *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).
[29] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood*, 385 F.3d a 573).
[30] *Rodrigue*, 2014 WL 4999465, at *2 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[31] *Smallwood*, 385 F.3d at 573. *See also Rodrigue*, 2014 WL 4999465, at *2.
[32] *Smallwood*, 385 F.3d at 573.

improper joinder."[33] Second, if the plaintiff has stated a claim and, as a result, survives a Rule 12(b)(6) challenge, but "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry."[34] "[A]lthough the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard."[35] "The district court must also take into account 'the status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant."[36]

As stated above, this case does not involve allegations of actual fraud in the pleading of jurisdictional facts. Instead, the Defendants contend Roy Supply is unable to establish valid causes of action against either Knuppel or Sanchez under Louisiana law and, thus, they were improperly joined.[37] Roy Supply argues, in response, that neither Knuppel nor Sanchez was improperly joined because valid causes of action exist against them "individually and/or as employees with Capital One, especially if either or both failed to follow established bank procedures regarding international bank drafts and wire transfer[s] of funds."[38] Roy Supply specifically argues Knuppel and Sanchez are "banking officers who owe a *personal* duty to [Roy Supply] in its banking services and duties."[39] According to Roy Supply, both Knuppel and Sanchez were negligent and breached their fiduciary duties in a number of respects, which caused Roy Supply to sustain the damages for which it seeks recovery in this action.[40]

---

[33] *Id.*
[34] *Id.*
[35] *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).
[36] *Id.*
[37] R. Doc. 1 at 4; R. Doc. 17 at 4.
[38] R. Doc. 10-1 at 6.
[39] *Id.* at 7.
[40] Roy Supply alleges Knuppel and Sanchez committed the following acts of negligence and breaches of their fiduciary duties: Failure to follow banking rules and regulations regarding foreign bank drafts; failure to

Having conducted a Rule 12(b)(6)-type analysis, looking to the allegations of the state-court petition, the Court finds Roy Supply has not stated a claim for relief under Louisiana law against the in-state Defendants, Knuppel and Sanchez. As a result, the Court finds Knuppel and Sanchez were improperly joined.

"Under Louisiana law, individual liability of an employee for a work-related function can only exist if there was a breach of a *personal* duty of care to another."[41] Whether an employee owes a personal duty of care is determined by analyzing the factors set forth by the Louisiana Supreme Court in *Canter v. Koehring*:

> (1) The principal or employer owes a duty of care to the third person . . . , breach of which has caused the damage for which recovery is sought;
>
> (2) The duty is delegated by the principal or employer to the defendant;
>
> (3) The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . ; and
>
> (4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.[42]

The United States Fifth Circuit Court of Appeals has held, however, that *Canter* liability to third persons for the acts or omissions of corporate officers and employees may

---

take necessary measures to protect the financial safety of their customers; failure to notify a customer of an arriving foreign bank draft and depositing same without providing the customer an opportunity to examine, endorse or approve said draft for deposit; failure to follow banking rules and regulations regarding international bank wires; and failure to insure the funds in the plaintiff's account were actually there and available before authorizing and sending an outgoing international wire. R. Doc. 10-1 at 7; R. Doc. 1-1.

[41] *Harrod v. Zenon*, No. Civ.A. 03-1088, 2003 WL 21748687, at *2 (E.D. La. July 25, 2003) (emphasis in original). *See also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312 (5th Cir. 2005); *Freeman v. Witco Corp.*, 984 F. Supp. 443, 449 (E.D. La. 1997); *Gullotta v. GE Capital Modular Space*, No. 03-1669, 2004 WL 98804, at *1 (E.D. La. Jan. 20, 2004); *Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1530 (E.D. La. 1995).

[42] *Canter v. Koehring Co.*, 283 So. 2d 716, 720–21 (La. 1973), *superseded by statute on other grounds*, LA. REV. STAT. § 23:1032. *See also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)).

only be imposed for bodily injury claims.[43] Specifically, "*Canter* only applies to bodily injury claims and does not apply to claims arising in a commercial setting."[44] Because this case does not involve a claim for bodily injury, but instead involves only economic injury, Roy Supply cannot state a claim for relief against Knuppel and Sanchez under the *Canter* framework.

Moreover, as a general rule under Louisiana law, "[c]orporate officers acting within the scope of their corporate duties are not liable in a commercial context for negligence [or] breach of a fiduciary duty."[45] In fact, a corporate officer, director, or employee acting on behalf of a corporation and within the scope of his or her duties is not liable to a third party in a commercial context, "except in cases of fraud or other intentional wrongdoing."[46] In this case, Roy Supply alleges Knuppel and Sanchez were acting within the course and scope of their employment with Capital One. Roy Supply does not allege that Knuppel or Sanchez engaged in fraud or other intentional wrongdoing. Instead, Roy Supply merely alleges Knuppel and Sanchez were negligent in performing their corporate duties and breached their fiduciary duties as bank employees, not that Knuppel and Sanchez intentionally did wrong.[47] Because Roy Supply has alleged they were acting

---

[43] *See, e.g., Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 515–16 (5th Cir. 2009) (citing *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *Ford v. Elsbury*, 32 F.3d 931, 935–36 (5th Cir. 1994) (noting *Canter* outlines circumstances where an employee could be held "individually liable for injuries to third persons"); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Grp., Inc.*, 166 F. Supp. 2d 511, 515 (E.D. La. 2001) (*Canter* "applies only to bodily injury claims and does not apply to claims arising in a commercial setting[]")); *see also Simmons, Morris & Carroll, LLC v. Capital One, N.A.*, No. 12-464, 2012 WL 3231040, at *5 (W.D. La. Aug. 6, 2012); *Matthews v. Bancorpsouth Bank*, No. 09-910-JJB, 2010 WL 797790, at *5–6 (M.D. La. Mar. 1, 2010); *Conerly Corp. v. Regions Bank*, No. 08-813, 2008 WL 4975080, at *4 (E.D. La. Nov. 20, 2008) (Louisiana lower courts and the Fifth Circuit have held that officer liability under *Canter* is limited to cases of physical injury).
[44] *Unimobil 84*, 797 F.2d at 217.
[45] *Grimaldi Const., Inc. v. Robinson*, No. Civ.A. 96-0484, 1997 WL 191494, at *3 (E.D. La. Apr. 18, 1997). *See also Matthews*, 2010 WL 797790, at *6 ("[S]uch officers cannot be held liable to third parties in a commercial context for . . . non-fraudulent breaches (such as negligence, breach of fiduciary duty, or mismanagement.").
[46] *Unimobil 84*, 797 F.2d at 215; *See also, e.g., Cameron Equip. Co. v. Stewart and Stevenson Servs., Inc.*, 96-554, pp. 8–9 (La. App. 3d Cir. 12/26/96), 685 So. 2d 696, 700–01.
[47] R. Doc. 1-1 at 3–4.

within the course and scope of their employment but has not alleged they engaged in fraud or other intentional wrongdoing, Roy Supply has failed to state a claim for relief against Knuppel and Sanchez under Louisiana law. Accordingly, the Court finds Knuppel and Sanchez were improperly joined to defeat complete federal diversity jurisdiction and must be dismissed from this action as defendants.[48] That Knuppel and Sanchez are not diverse from Roy Supply does not serve as a basis to remand this action to state court, as they are no longer parties to this action.

## II.    **Whether the Amount-in-Controversy Requirement is Satisfied**

Roy Supply argues the amount in controversy in this case does not exceed $75,000.00. Roy Supply contends "while the outgoing international wire from the Roy Supply account was for $79,016.00, the amount in controversy is actually less than that amount when considering what Roy Supply owes Capital One. The amount in controversy in this matter may be as low [as] $50,000.00."[49] In support, Roy Supply points to an "Affidavit and Stipulation" executed by its President, Jeff Steen, in which Steen stipulates the amount in controversy is less than $75,000.00, waives any damages over $75,000.00, and agrees not to enforce a judgment in which Roy Supply is awarded more than $75,000.00.[50] Defendants argue, in response, that it is facially apparent from the state-court petition the amount in controversy exceeds $75,000.00 and, for that reason, Roy Supply's "Affidavit and Stipulation" should not be considered.[51]

---

[48] "A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined." *Butler v. La. State. Univ. Health Sciences Ctr.*, No. 12-CV-1838, 2012 WL 7784402, at *4 (W.D. La. Nov. 19, 2012) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990)). *See also Eagle Oil & Gas Co. v. Travelers Property Cas. Co. of America*, No. 712-00133, 2013 WL 5969920, at *2 (N.D. Tex. Nov. 8, 2013) (dismissing non-diverse defendant upon finding of improper joinder); *Hardy v. Ducote*, 246 F. Supp. 2d 509, 515–16 (W.D. La. 2003) (dismissing non-diverse defendants upon finding that they had been improperly joined); *Mahon v. Aegon Direct Mktg. Servs., Inc.*, No. 04-975, 2005 WL 1249486, at *1 (N.D. Tex. May 25, 2005) (dismissal of non-diverse defendant required once court finds improper joinder).
[49] R. Doc. 10-1 at 8–9.
[50] R. Doc. 10-2 at 1–2.
[51] R. Doc. 17 at 7–11.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[52] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[53] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount at the time of removal.[54] The removing defendant may meet its burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount was in controversy.[55]

Even if the removing defendant meets its burden in either of these ways, a plaintiff may defeat removal by showing, to a legal certainty, that its recovery will be less than $75,000.[56] A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances. If the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[57] If, on the other hand, the amount

---

[52] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno*, 276 F.3d at 723.

[53] *See* LA. CODE CIV. PROC. art. 893.

[54] *See id.*; *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.

[55] *Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298. *See also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).

[56] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995). *See also Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).

[57] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La.

in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction.[58]

In this case, Capital One bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Capital One does not attempt to meet its burden by offering "summary-judgment type" evidence of the amount in controversy. Instead, Roy Supply argues it is "facially apparent" from the allegations in the state court petition that the amount in controversy exceeds $75,000.00.[59] Other than alleging that Capital One charged "numerous NSF fees," Roy Supply does not specify the amount or nature of its damages in the state court petition. Having considered the parties' arguments and the applicable law, the Court finds Capital One has not met its burden, as the amount in controversy in this case is not facially apparent from the allegations in Roy Supply's state court petition. Indeed, the Court finds that, as of the date of removal, the amount in controversy was ambiguous.

Because the amount in controversy was ambiguous at the time of removal, the Court will consider Roy Supply's binding post-removal affidavit.[60] Roy Supply's "Affidavit and Stipulation" was executed on July 5, 2016, by Roy Supply's President, Jeff Steen. In the affidavit, Roy Supply stipulated that the amount in controversy is less than $75,000, waived any damages over $75,000, and agreed to not enforce any judgment in which Roy Supply is awarded more than $75,000.[61] A plaintiff's stipulation that the amount in

---

[58] *Gebbia*, 233 F.3d at 883.

[59] R. Doc. 1 at 5; R. Doc. 7 at 7–11.

[60] R. Doc. 10-2.

[61] *Id.* at 1–2.

controversy is not satisfied is binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court."[62] In this case, Roy Supply has (1) expressly stipulated, by way of a binding affidavit, that the amount in controversy does not exceed $75,000.00, (2) waived any damages over $75,000.00, and (3) agreed to not enforce a judgment in which more than $75,000.00 is awarded.[63] Because Roy Supply has expressly renounced its right to recover in excess of $75,000.00, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff, Roy Supply's, motion to remand this case to state court is **GRANTED**,[64] and this case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

**New Orleans, Louisiana, this 15th day of August, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[62] *McGlynn v. Huston*, 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding"). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims do not exceed $75,000. As noted earlier, defendant successfully demonstrated facts showing that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").
[63] R. Doc. 10-2 at 1–2.
[64] R. Doc. 10.